

DA 08-0094

IN THE SUPREME COURT OF THE STATE OF MONTANA

2009 MT 167N

IN THE MATTER OF THE ESTATE OF
ERNESTINE STUKEY,

       Deceased.

APPEAL FROM:    District Court of the Eighth Judicial District,
                In and For the County of Cascade, Cause No. ADP 01-068
                Honorable Thomas M. McKittrick, Presiding Judge

COUNSEL OF RECORD:

       For Appellants:

            Steven T. Potts, Thompson, Potts & Donovan, Great Falls, Montana

       For Appellee Charlene Howard:

            Ward E. Taleff, Taleff Law Office, Great Falls, Montana

                         Submitted on Briefs: December 10, 2008

                                 Decided: May 13, 2009

Filed:

       _____
                      Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section 1, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Evon Leistiko, Tessa Leistiko, Laura Leistiko, Tyson Leistiko, Curtis Clark, Melody Klisch, and Cherie Smith (Stukey heirs) appeal from an order of the District Court of the Eighth Judicial District, Cascade County, denying the Stukey heirs' motion to compel discovery and granting attorney fees and costs to Charlene Howard.

¶3 Ernestine Stukey died on March 8, 2001. Evon Leistiko is Ernestine's daughter and the other Stukey heirs are Ernestine's grandchildren. Charlene Howard is Ernestine's niece. The extensive history of this case can be found in *In re Estate of Stukey*, 2004 MT 279, 323 Mont. 241, 100 P.3d 114 (*Stukey I*), and *In re Estate of Stukey*, 2005 MT 349, 330 Mont. 401, 126 P.3d 507 (*Stukey II*).

¶4 In April 2007, the personal representative petitioned for approval of the final account of Ernestine's estate. At that time, Howard moved for $31,614 in attorney fees and costs related to prior estate litigation, to be paid from the Stukey heirs' portion of the estate. The Stukey heirs objected to Howard's motion and, in conjunction with the objection, requested discovery. Howard objected to the discovery requests as irrelevant or privileged. The

2

Stukey heirs moved to compel.

¶5 The record reflects that the District Court held a hearing on the remaining issues in this estate on June 27, 2007. The transcript of the hearing shows counsel for Howard had filed an affidavit and brief concerning the amount he claimed as attorney fees. Counsel for the Stukey heirs stated that the District Court could resolve "all of it based on briefs" and that a response would be filed. On October 24, 2007, the District Court denied the Stukey heirs' motion to compel discovery and ordered the Stukey heirs' distribution reduced by the amount of Howard's attorney fees and costs.

¶6 A District Court's ruling on discovery is reviewed for abuse of discretion. *In re Estate of Bolinger*, 1998 MT 303, ¶ 24, 292 Mont. 97, 971 P.2d 767. We review a District Court's award of attorney fees for abuse of discretion. *In re Estate of McMurchie*, 2004 MT 98, ¶ 8, 321 Mont. 21, 89 P.3d 18.

¶7 Parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." M. R. Civ. P. 26(b)(1). The Stukey heirs waived further discovery at the June 27, 2007, hearing by stating that the matter could be decided based on briefs and by not requesting a further hearing, which the District Court had offered to hold upon request. The District Court did not abuse its discretion by not ordering discovery.

¶8 The Stukey heirs contest only the decision to award attorney fees. They have not objected on appeal to the amount of the fees awarded.

3

¶9 Several statutory bases for an award of fees exist in this case, including: § 37-61-421, MCA, (assessing excess costs for multiplying the proceedings unreasonably and vexatiously); § 72-1-111, MCA, of the Uniform Probate Code (providing restitution against the perpetrator of fraud); and M. R. Civ. P. 11 (providing for sanctions including costs and reasonable attorney fees when an attorney submits a document for an improper purpose, such as to delay proceedings).

¶10 On the face of the briefs and the record on appeal, it is manifest that the appeal is without merit as the issues are clearly controlled by settled Montana law, which the District Court correctly interpreted, and because there is clearly sufficient evidence to support the District Court's order awarding fees to Howard to be paid from the Stukey heirs' share of the estate.

¶11 Howard has petitioned for an award of costs and attorney fees on appeal. We conclude such should be granted.

¶12 Affirmed. Remanded to the District Court to assess costs and determine the reasonable amount of attorney fees to be awarded to Howard.

/S/ JOHN WARNER

We Concur:

/S/ W. WILLIAM LEAPHART
/S/ BRIAN MORRIS
/S/ PATRICIA COTTER
/S/ JAMES C. NELSON